IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARNULFO RAMOS RIOS, <br><br>   Plaintiff, <br><br> v. <br><br> REX RAMAGE, *ET AL.*, <br><br>   Defendants. | Case No. 19-2602-JWB-ADM |

## MEMORANDUM AND ORDER

This matter comes before the court on Tony L. Atterbury and Jay Sizemore's ("Movants") Motion for Leave to Communicate with Plaintiff. (ECF 60.)[1] These attorneys of record for Plaintiff Arnulfo Ramos Rios seek a court order authorizing them to contact Rios to confirm whether he seeks to terminate their relationship. Attorney Matthew L. Bretz entered his appearance on Rios's behalf, and he opposes the motion on the grounds that Rios clearly and unequivocally terminated Movants' representation. For the reasons set forth below, Movants' motion is denied. Rios discharged Movants as his attorneys, and they have not invoked any applicable procedural rule that would support granting their requested relief.[2] The issues presented are more properly directed to the Kansas Disciplinary Administrator's Office.

---

[1] Movants' request for oral argument is denied. The record is clear and oral argument would not materially aid the undersigned in resolving this dispute.

[2] Because Movants are not entitled to the relief they seek, the court rules without awaiting their reply.

**I.   BACKGROUND**

This case arises from an auto collision on December 21, 2018, in which Rios was seriously injured. At the time, he was a minor. His natural mother and legal guardian, Marla Ubaldo Ramos, retained Movants to represent Rios. Rios settled his claims against the driver of the vehicle in which he was riding as a passenger. On October 4, 2019, Rios filed this lawsuit asserting claims against the driver of the other vehicle and his employer.

In January of 2020, Rios reached the age of majority. On August 11, Bretz emailed Movants to tell them that Rios had retained Bretz's law firm to prosecute this case. (ECF 60-1.) Bretz attached an Attorney File Release Authorization signed by Rios that refers to Movants' law firm as his "former attorney" and authorizes the law firm to transfer his files and records to Bretz. The form concludes, "I further direct that you not contact me further in any manner and that you have no further contact with any of the insurance companies involved in this matter." (ECF 61-1, at 2.) The next day, Bretz entered his appearance. (ECF 59.)

Movants have not yet withdrawn as counsel of record. They point out that Rios suffered a severe traumatic brain injury in the automobile accident, that they are holding settlement funds in trust that are subject to liens, that they have devoted significant resources to litigating and settling Rios's claims, and that Bretz falsely purported to take over case from Atterbury on a prior occasion. Movants contend that, in view of these considerations, the boilerplate Attorney File Release Authorization is not sufficiently clear and unequivocal that Rios intended to terminate Movants' representation. They therefore believe that "they have a duty to [Rios] to inquire further and confirm his understanding of the situation and direction to them." (ECF 60, at 4.) But they contend that Bretz's threats of ethics complaints against them has prevented them from meaningfully investigating this issue. They therefore seek a court order granting them leave to communicate

directly with Rios because they believe they have a duty to make sure that Rios understands and intends for them to withdraw as counsel of record.

## II.     KRPC 4.2 PROHIBITS THE REQUESTED COMMUNICATION

This court's local rules adopt the Kansas Rules of Professional Conduct ("KRPC"). D. KAN. RULE 83.6.1(a). KRPC 4.2 provides that, "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." KRPC 4.2. Movants seek relief pursuant to Comment 6 to KRPC 4.2, which provides as follows:

> A lawyer who is uncertain whether a communication with a represented person is permissible may seek a court order. A lawyer may also seek a court order in exceptional circumstances to authorize a communication that would otherwise be prohibited by this Rule, for example, where communication with a person represented by counsel is necessary to avoid reasonably certain injury.

In other words, a lawyer may seek a court order authorizing communication with a person who is known to be represented by counsel either (1) to clarify whether the communication is allowed, or (2) in exceptional circumstances where the communication would otherwise be prohibited.

### A.      KRPC 4.2 Clearly Prohibits Movants From Communicating With Rios

Movants are not entitled to relief on the first of these grounds—that is, to clarify whether the communication is allowed. It is not. By its plain terms, KRPC 4.2 prohibits a lawyer (Movants) from communicating about the subject of the representation (this lawsuit) with a person (Rios) the lawyer knows to be represented by another lawyer in the matter (Bretz). Rios clearly and unequivocally discharged Movants via the Attorney File Release Authorization. Furthermore, in response to Movants' argument that this boilerplate form was somehow insufficient, Bretz's response brief included a further statement from Rios in which he states that he "decided to switch

3

attorneys on my own free will, I was not obligated or confused," and then he briefly explains the reasons why he decided to switch attorneys. As such, Movants are required to withdraw from representing him in this action. *See* KRPC 1.16(a)(3) ("a lawyer . . . shall withdraw from the representation of a client if . . . the lawyer is discharged").

Ethics opinions that have considered analogous rules have uniformly held that this rule prohibits a lawyer who has been discharged from contacting a former client to discuss matters relating to the prior representation without the successor counsel's consent. *See* Rhode Island Supreme Court Ethics Advisory Panel, Op. No. 2002-04 (2002) (when successor counsel writes to original lawyer asking for file and encloses signed request from client, original lawyer may not contact former client without successor's permission); Illinois State Bar Assoc. Op. No. 96-09 (1997) (discharged lawyer seeking fees from former client is restricted in doing so by Rule 4.2). There may be limited exceptions to this rule—for example, to seek payment of unpaid fees and expenses where there is no reason to believe the successor counsel is representing the client with respect to payment of those fees. *See* Prof'l Ethics Committee, New York City Bar Ass'n, *Contacting Former Clients Represented by Successor Counsel*, Formal Op. No. 2011-01 (2011). But no such exception applies to allow Movants' requested communication here. Movants, by their own admission, seek to exercise their "duty of diligence" to explore whether Rios really understands and wants to discharge them and have them withdraw as counsel of record. This violates the very purpose of the Rule 4.2, which is to protect "a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter" and "interference by those lawyers with the client-lawyer relationship." KRPC 4.2, cmt. 1; *see also* Illinois State Bar Assoc. Op. No. 96-09 (1997) (prohibiting communication initiated by the discharged lawyer that appeared "motivated by a desire on his part

4

to either protect his claim for fees and expenses and/or to convince the client to allow him to resume handling the files").

### B.  Movants Have Not Demonstrated That Exceptional Circumstances Exist to Warrant Their Requested Communication

The court turns, then, to the second avenue for relief set forth in Comment 6 to KRPC 4.2, which is whether Movants have shown that exceptional circumstances exist that would warrant the court authorizing their otherwise-prohibited communication with Rios.  No such exceptional circumstances exist here, and certainly none sufficient to override the purpose of KRPC 4.2.

The overriding thrust of Movants' arguments is to question whether Rios really discharged them because they believe his decision is suspicious.  To the extent Movants are implying that Bretz committed some type of ethical violation, a party would typically raise this issue via a motion to disqualify counsel.  *See, e.g., Clark v. Newman Univ., Inc.*, No. 19-1033-JWB-GEB, 2020 WL 729737, at *5 (D. Kan. Feb. 13, 2020) (granting in part and denying in part plaintiff's motion to disqualify defense counsel's law firm); *Riley v. PK Management, LLC*, No. 18-cv-2337-KHV-TJJ, 2019 WL 4256367, at *1 (D. Kan. Sept. 9, 2019) (denying motion to disqualify counsel for ethics violation).  But that remedy is unavailable here for at least two reasons.

First, such motions are typically made to disqualify *opposing* counsel.  In contrast, here, Bretz has replaced Movants as counsel.  As such, as explained above, the ethics rules require Movants to withdraw as counsel of record and not contact Rios about this lawsuit.

Second, this court's role in supervising attorneys is primarily concerned with whether the alleged misconduct threatens to taint the present lawsuit with a serious ethical violation.  *See Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998).  Movants' vague and unsupported allegations of "suspicious" circumstances do not persuade the court that any ethical violation is afoot that threatens to taint the judicial process in this case.  Bretz is a licensed

5

attorney and officer of this court who represented in a court filing that Rios hired him and terminated his relationship with Movants, and Bretz submitted a signed statement from Rios to that effect. (ECF 61-14, at 1.) Movants' arguments amount to speculation that Rios may not understand the consequences of his actions. But, critically, Rios is a legal adult who has not been declared to lack capacity. He is therefore free to select the lawyer of his choice and to discharge Movants at any time, with or without cause. *See* KRPC 1.16, cmt. 4.

The other procedural vehicle that is typically invoked to clarify whether an attorney may contact someone who is known to be represented by counsel occurs in the scope of discovery. Such issues may arise concerning counsel's communications with fact witnesses who happen to be class members or the opposing party's employees, among other situations directly related to prosecuting or defending a case. *See, e,g.,* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 99 (2000) (explaining that a court may issue an order permitting defense counsel to have limited contact with class members or appoint a psychiatrist designated by the prosecutor to conduct a pretrial evaluation of a represented defendant). For example, parties may seek clarification from the court as to whether counsel may attempt to gather evidence via ex parte interviews of former employees of an organization that is represented by counsel in the action. *See, e.g.*, *Aiken v. Business & Industry Health Group, Inc.*, 885 F. Supp. 1474, 1474-80 (D. Kan. 1995) (denying motion for a protective order to ban such contact); *Hammond v. City of Junction City*, 167 F. Supp. 2d 1271, 1283 (D. Kan. 2001) (granting motion for protective order prohibiting plaintiff's counsel's contact with a municipal defendant's HR director); *see also, e.g.*, *Kaveney v. Murphy*, 97 F. Supp. 2d 88 (D. Mass. 2000) (ruling on plaintiff's motion for a protective order permitting counsel to conduct ex parte interviews with certain city police officers). But Movants

6

are not seeking to contact Rios in order to take discovery relevant to the claims or defenses in this case. Instead, they seek to interfere with his counsel of choice.

## III.  CONCLUSION

In sum, the court denies Movants' motion because KRPC 4.2 clearly prohibits them from contacting Rios. Furthermore, they have not invoked any recognized procedural vehicle to overcome this clear prohibition in KRPC 4.2. Movants and Bretz both state that they have contacted the Kansas Disciplinary Administrator's Office about each others' conduct. The court agrees that this is the more appropriate avenue to address their respective concerns, which also raise issues related to a trust fund Movants administer for Rios and the attorneys' feud over a separate client. "This Court generally defers ethical issues to the appropriate disciplinary administrator except in those cases where the challenged conduct threatens to taint the judicial process." *Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, No. CIV.A. 07-2253-DJW, 2009 WL 902424, at *8 (D. Kan. Mar. 31, 2009). It is not this court's role to resolve ancillary disputes concerning client representation. *W. T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976) ("The business of the court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it.").

**IT IS THEREFORE ORDERED** that Tony L. Atterbury and Jay Sizemore's Motion for Leave to Communicate with Plaintiff (ECF 60) is denied.

**IT IS SO ORDERED.**

Dated September 14, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge
