IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARNULFO RAMOS RIOS, <br><br> Plaintiff, <br><br> v. <br><br> REX RAMAGE and ONEOK SERVICES COMPANY, LLC, <br><br> Defendants. | Case No. 19-2602-JWB-ADM |

## MEMORANDUM AND ORDER

This matter comes before the court on Defendants' Motion to Strike Plaintiff's Late Supplemental Rule 26 Disclosures and Exclude Witnesses. (ECF 104.) The scheduling order required the parties to supplement their initial disclosures pursuant to Federal Rule of Civil Procedure 26(e) forty days before the close of discovery so as to identify all witnesses that might be used at trial. Plaintiff Arnulfo Ramos Rios served his supplemental disclosures late and, when he did so, disclosed seventeen new fact witnesses. On the date discovery closed a few weeks later, defendants filed the current motion to strike these late-disclosed witnesses. As explained below, Rios' delay in disclosing these seventeen witnesses was not substantially justified and allowing his late disclosure of all seventeen witnesses is not harmless, but the court can mitigate any harm to defendants by reducing the number of witnesses whom Rios may disclose. Accordingly, the court will deny defendants' motion in part to the extent the court will allow Rios' late disclosure of witnesses Chad Johanning, Cori Ann Johanning, Jason Bergkamp, and two additional witnesses of Rios' choice. The court will grant the remainder of the motion and strike the other late-disclosed witnesses.

**I.     BACKGROUND**

This case arises from an auto collision that occurred on December 21, 2018, in which Rios was seriously injured.  (ECF 36.)  Rios alleges that Defendant Rex Ramage negligently failed to yield the right-of-way to Rios from a stop sign, striking the vehicle in which Rios was traveling.  Rios also alleges that ONEOK Services Company, LLC ("ONEOK") is liable because Ramage was acting within the course and scope of his employment with ONEOK at the time of the accident.

Before the initial scheduling conference in this case, the parties served their Rule 26(a)(1) initial disclosures on January 14, 2020.  On January 22, the court convened the scheduling conference and subsequently entered a scheduling order that imposed a discovery deadline of July 22.  (ECF 22, at 2.)  The scheduling order required the parties to supplement their Rule 26 disclosures forty days before the close of discovery, as follows:

> Supplementations of [Fed. R. Civ. P. 26(a)(1) disclosures] under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.  In addition, such **supplemental disclosures must be served 40 days before the deadline for completion of all discovery**.  The supplemental disclosures served 40 days before the deadline for completion of all discovery **must identify all witnesses and exhibits that probably or even might be used at trial**.  The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.  Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

(ECF 22, at 3-4 (emphasis added).)  On May 1, the court extended the discovery deadline to October 20.  (ECF 43, at 1.)  This effectively extended the deadline for the parties' Rule 26(e) supplementations forty days before the close of discovery to September 10.

2

The parties mediated this case on July 31. The case did not settle. In the days that followed, Rios replaced his original counsel with his current counsel, who entered his appearance on August 12. (ECF 60-1, 61.) At the parties' request, the court convened a status conference on September 9 to discuss various scheduling issues in the case. (ECF 62.)

On September 22, defendants filed an unopposed motion to modify the scheduling order in order to address difficulties scheduling an independent medical examination ("IME") of plaintiff, to extend the deadline for defendants' expert disclosures in view of the delayed IME, and to extend the deadline to complete discovery so that the parties could complete depositions in late September and throughout October. (ECF 71.) The court granted the request and extended the discovery deadline to November 4. (ECF 72.) This effectively extended the deadline for the parties to serve their supplemental Rule 26(e) disclosures from September 10 to September 25.[1]

Defendants had supplemented their Rule 26(e) disclosures on September 10 (ECF 64), but Rios did not. Rios also did not serve supplemental Rule 26(e) disclosures by the extended deadline of September 25. Instead, he served those supplemental two weeks later, on October 9, and disclosed seventeen new fact witnesses—all to testify about the subject of Rios's injuries. (ECF 104-7.) Those witnesses are as follows:

  (1)   Jason Bergkamp – plaintiff's former boss
  (2)   Domenica Ramos – plaintiff's sister
  (3)   Mayra Ruiz – plaintiff's sister
  (4)   Juanita Casa (formerly Ransel) – plaintiff's former stepmom
  (5)   Aubrey Herbst – principal
  (6)   Kevin Ayers – football coach
  (7)   Mrs. Ayers
  (8)   Kevin Rains – football coach and teacher

---

[1] Defendants contend Rios's supplemental disclosures were due on September 10, but the second amended scheduling order effectively extended this deadline.

    (9)     Adam Turley – friend
    (10)   Kenna Jo Schlatter – friend
    (11)   Steele Barta – friend
    (12)   Ryan Barta – friend
    (13)   Jeanna Friesen – family friend
    (14)   Krysti Bergkamp – friend
    (15)   Cori Ann Johanning – friend
    (16)   Jayliee Bergkamp – friend
    (17)   Keaton Richardson – friend

Because these disclosures were late,[2] defendants now ask the court to strike sixteen of these individuals from Rios' supplemental disclosures—all of them except for Jason Bergkamp—and exclude those sixteen witnesses from providing testimony at all. Defendants also ask the court to limit Jason Bergkamp's testimony to the subject of Rios' employment because Rios previously testified about Bergkamp in that context, and so defendants were on notice of that fact.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require a party to disclose "the name ... of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). A party must supplement its Rule 26(a) disclosures and other discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties

---

[2] Defendants also point out that Plaintiff never supplemented his answer to Defendants' Interrogatory No. 4, which Defendants contend "sought names of witnesses with knowledge of the accident and Plaintiff's injuries." (ECF 104, at 2.) This statement is incorrect. Interrogatory No. 4. asks Rios to describe the personal injuries he sustained. (ECF 104-4, at 2.) Defendants' Interrogatories Nos. 2 and 3 ask Rios to identify individuals who were present at the scene or witnessed the accident, but the relevant subject matter here is different. Plaintiff's supplemental disclosures added witnesses who claim to have knowledge of his injuries, not who were present at the scene or witnessed the accident.

during the discovery process or in writing; or as ordered by the court." FED. R. CIV. P. 26(e)(1). Furthermore, the scheduling order requires all parties to serve Rule 26(e)(1) supplementations forty days before the discovery deadline so as to "identify all witnesses and exhibits that probably or even might be used at trial." (ECF 22, at 3-4.) The purpose of this supplementation is to enable the opposing party to determine what, if any, additional discovery it needs to complete before the close of discovery. (*See id.*)

As a sanction for failing to provide information or to identify a witness as required by Rule 26(a) or (e), the party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The court has discretion to determine when a Rule 26(a) or (e) violation is substantially justified or harmless. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). The party facing sanctions under Rule 37(c)(1) bears the burden to show substantial justification or harmlessness. *See Eldridge v. Gordon Bros. Grp., L.L.C.*, 863 F.3d 66, 85 (1st Cir. 2017); *Estate of McDermed v. Ford Motor Co.*, No. 14-CV-2430-CM-TJJ, 2016 WL 1298096, at *4 (D. Kan. Apr. 1, 2016) (same).

**III.   RIOS' LATE SERVICE OF THE SUPPLEMENTAL DISCLOSURES IS NOT SUBSTANTIALLY JUSTIFIED**

Rios argues his late service of the supplemental disclosures is substantially justified. Substantial justification is characterized as justification to a degree that could satisfy a reasonable person. *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015). In order to show substantial justification, Rios would need to explain the circumstances under which he discovered that he needed to disclose the seventeen additional witnesses between September 25 (the date the supplemental disclosures were due) and October 9 (the date he finally served them). Rios has not made any such showing here. He has not offered any explanation

5

that touches on this specific timeline or any particular late-identified witnesses. Indeed, he does not contend that he did not know that he would rely on any of these newly disclosed individuals on September 25, which was the day the supplemental disclosures were due.

Instead, Rios relies only on generalized arguments concerning obstacles that purportedly hampered his counsel's ability to learn of these seventeen witnesses sooner. For example, Rios argues his ability to assist in this matter is limited because of his traumatic brain injury. But Rios' counsel—both current and former—were aware of the nature of his injuries and thus the need to work with or around those injuries to determine the individuals Rios wanted to disclose as witnesses having knowledge of his injuries. And Rios does not tie his cognitive impairment to a delay in identifying any particular witness. To the contrary, he points out that many of these witnesses were mentioned earlier in discovery. For example, Rios was deposed on July 23 and he mentioned some of the late-disclosed witnesses—testifying he worked for Jason Bergkamp at Bergkamp Farms and that Bergkamp's daughter, Jayliee, had helped him get a job; he believed he lived with Jeanna Friesen's family while his father was in Mexico; and he mentioned his stepmom Juanita Casa (formerly Ranseel). On July 30, Ryan Barta's name came up at another deposition. Defendants' supplemental disclosures served on September 10, also listed Bergkamp and Chad and Cori Johanning. Other individuals were mentioned in discovery documents or were generally known to all parties, such as principal Aubrey Herbst, and coaches and teachers Kevin Ayers and Kevin Rains.

Rios contends that the fact that these other individuals' names were mentioned in the discovery record means that defendants had fair notice of them. But the mere fact that these individuals came up in discovery as people who knew him from work, school, etc. is not the same as Rios disclosing that he might use them as witnesses to testify about his injuries. And the

6

other late-disclosed witnesses include family members and friends—the types of common relationships that most people would have in their lives.  The onus was not on defendants to divine which of the variety of people Rios knew might testify about his injuries; rather, it was incumbent on Rios to identify which of those individuals he intends to do so.  Based on the discovery record, it is clear that Rios and his counsel had fair notice of many of these individuals well in advance of the September 25 disclosure deadline.  Rios does not identify any witness that he did not remember until after the deadline had passed.  Therefore, the court cannot find that Rios' traumatic brain injury demonstrates substantial justification for the belated supplemental disclosure.

Rios also argues his former counsel did not timely turn over his file to new counsel.  Again, this generalized argument does not establish any nexus between the time the file was provided and the delay in plaintiff's belated disclosure beyond the September 25 deadline.  Rios' new counsel was on notice of the deadlines in this case and never raised any relevant delay in getting Rios' file from his former counsel.  To the contrary, the record reflects that his current counsel had the file in hand in August 2020.  This was before the court convened a status conference to discuss scheduling issues on September 9 (ECF 63), before the Rule 26 supplementations were at that time due on September 10, and before defendants filed an unopposed motion for a further extension of the discovery deadline on September 22.  By then, Rios's counsel should have reviewed the status of Rios' Rule 26 disclosures in view of the upcoming case management deadlines and, at a bare minimum, notified opposing counsel and/or the court that he needed additional time to evaluate whether plaintiff's Rule 26 supplementations were complete.  That way, the court could have taken that into account in making any final adjustments to the discovery schedule.  This, too, is not enough to show substantial justification.

In addition, Rios states in conclusory fashion that his current counsel quarantined for two weeks in September following his daughter being home with COVID. But his counsel does not elaborate on this sufficiently to explain why this dynamic inhibited a timely supplementation. The availability of technology has made teleworking a common adaptation in the COVID era.

For these reasons, Rios has not shown substantial justification for the late supplemental disclosures.

## IV.   ALLOWING THE ENTIRETY OF THE SUPPLEMENTAL DISCLOSURES IS NOT HARMLESS

In determining whether a belated disclosure is harmless, the court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *HCG Platinum*, 873 F.3d at 1200. Defendants concede there is no evidence of bad faith or willfulness. (ECF 104, at 13.) So the court focuses on the three remaining factors.

### A. Prejudice to Defendants

The sheer number of additional individuals listed in the belated supplemental disclosures prejudices defendants because they had little time to engage in any follow-up discovery and ascertain which of these individuals to depose. However, defendants compounded this prejudice by not seeking a discovery conference with the court to timely resolve this issue. During the scheduling conference, the court told the parties that they should request a discovery conference any time they ran into discovery disputes or had other issues arise so that the court could try to help them resolve their disputes quickly. Instead, defendants essentially ran the clock on discovery by waiting to file this motion until the day discovery closed and then relied on the close of discovery to complain of prejudice. By declining to take advantage of the undersigned's

practice of convening discovery conferences to help the parties resolve disputes efficiently, defendants rolled the dice that the court would strike the witnesses. But the very purpose of the discovery conference is to ameliorate the prejudice now present by addressing disputes at an earlier stage rather than allowing them to languish only to proceed through costly and time-consuming motion practice that could have been avoided. The court therefore finds that some degree of prejudice to the defendants was self-inflicted.

On the other hand, Rios largely focuses on the fact that defendants had some level of notice about these individuals, noting that many of them were referenced in his deposition, implicated when defendants subpoenaed Rios' education records, or even disclosed by defendants themselves. Rios essentially contends that because defendants knew of many of these people, the prejudice is lessened. But, again, the fact that defendants knew these individuals existed is not the same as knowing that Rios may rely on them to support his claims and/or the subjects on which they are expected to testify. The purpose of the supplemental disclosures served near the close of discovery is to provide notice to the opposing parties so that they may make strategic decisions about how to proceed with the time remaining in discovery. This is not accomplished by names mentioned in depositions or discovery documents or even in defendants' own supplemental disclosures.

Defendants' arguments on this point are only slightly more availing. Defendants argue that they will not be able to conduct any discovery on these witnesses. The court agrees that this constitutes some level of prejudice to defendants, particularly given the sheer number of new individuals listed and the procedural juncture of this case.

9

### B. Ability to Cure Prejudice

Defendants would be prejudiced if the court were to allow the belated supplemental disclosures in their entirety. Seventeen is an unwieldy number of new witnesses to sort through at this late stage in the case. This is particularly so given the already unusually lengthy ten-month discovery period the court allowed. Rios had ample time to disclose these additional witnesses and has offered no convincing explanation why he did not. However, the court can ameliorate the prejudice to defendants by allowing Rios a more narrowed set of witnesses so that defendants can develop a more realistic plan to efficiently conduct follow-up discovery.

Defendants contend that they would continue to suffer prejudice even if the court allows further discovery because they will not be able to consider this discovery in formulating their strategy at the pretrial conference or on summary judgment. But the procedural posture of this case has changed since defendants filed their current motion. Rios has now moved to dismiss this case and, because of this, the court continued the pretrial conference and temporarily vacated the summary-judgment deadline pending a ruling on that motion—further lessening harm to the defendants because the court can allow time to engage in discovery without the new discovery impacting on the pretrial order or summary-judgment motions. Rios' motion to dismiss will not be fully briefed until December 14, and so allowing the parties to engage in additional discovery limited to some subset of the newly disclosed individuals would not hamper defendants' ability to consider this discovery in formulating their plan for the pretrial order or trial. So, while defendants would suffer prejudice if the court allowed the entirety of the belated supplemental disclosure, the prejudice is mitigated by reducing the number of late-disclosed witnesses.

The court will therefore allow plaintiff's late disclosure of five of the seventeen witnesses. Three of these witnesses are those listed in defendants' supplemental disclosures:

10

Chad Johanning, Cori Ann Johanning, and Jason Bergkamp. The court will not limit the subject matter of Bergkamp's testimony as requested by defendants. Plaintiff may select two additional witnesses. Rios has not explained why he needs more witnesses—all on the same subject of his injuries. Five should therefore be adequate.

### C. Trial Disruption

Allowing a limited disclosure of five individuals will not disrupt trial. This case has not been assigned a trial date. Although the lack of a trial date does not necessarily favor a finding of harmlessness, all of the necessary discovery could be completed far in advance of a trial date. *See Smith v. Aurora Pub. Sch.*, 318 F.R.D. 429, 433 (D. Colo. 2016) (noting that no trial date was assigned and considering the likely significant length of time before the case proceeded to trial). Defendants argue that allowing the supplemental disclosures would disrupt trial because they have not had the opportunity to depose these individuals, which means that any examination and cross-examination may be filled with objections and issues that could have been raised via a motion in limine before trial. But, as discussed above, reducing the number of individuals whom plaintiff may disclose provides defendants with a full and fair opportunity to take discovery regarding these individuals, particularly given that the court has vacated the upcoming summary-judgment deadline.

Defendants also argue that Rios should not be allowed to call friend after friend to testify about the perception of Rios' injuries because this presentation of evidence is duplicative and a waste of time. But this argument would be equally true had Rios timely supplemented. In other words, the disruption defendants complain of does not result from the lateness of the disclosure. Defendants remain free to raise these specific objections closer to the time of trial.

11

## V. CONCLUSION

Rios' belated Rule 26(e) supplementation was not substantially justified and allowing the supplementation in its entirety is not harmless. However, reducing the number of additional individuals Rios may disclose mitigates prejudice to defendants, particularly given that the court has now continued the pretrial conference and vacated the summary-judgment deadline pending a ruling on plaintiff's motion to dismiss. For these reasons, the court grants in part and denies in part defendants' motion. Rios may serve an amended supplemental disclosure designating: Chad Johanning, Cori Ann Johanning, and Jason Bergkamp and two additional individuals from among the seventeen witnesses previously disclosed. Rios must serve the amended supplemental disclosure by **November 23, 2020**. The court grants defendants leave to take discovery stemming from the belated disclosure of these five individuals. All additional discovery, as limited in this order, must be commenced or served in time to be completed by **January 8, 2020**. Defendants may depose each of these late-disclosed witnesses.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's Late Supplemental Rule 26 Disclosures and Exclude Witnesses (ECF 104) is granted in part and denied in part as set forth above.

**IT IS SO ORDERED.**

Dated November 19, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
