IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARNULFO RAMOS RIOS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>REX RAMAGE AND ONEOK SERVICES COMPANY, LLC,<br><br>　　Defendants. | Case No. 5:19-cv-02602-HLT |

**MEMORANDUM AND ORDER**

　　This negligence action arises out of injuries allegedly sustained by Plaintiff Arnulfo Ramos Rios in connection with a motor vehicle accident with Defendant Rex Ramage. Plaintiff has sued Ramage and his employer, ONEOK Services Company, LLC., for negligence, alleging diversity jurisdiction. Defendants have sought to compare fault with the municipalities responsible for the intersection where the collision occurred. Plaintiff now moves to voluntarily dismiss his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) so he can refile the action against Defendants and the nondiverse municipalities in state court. Doc. 110. For the following reasons, the Court denies Plaintiff's motion.

**I.　BACKGROUND**

　　This case arises from an accident in Rice County, Kansas, in which Plaintiff, a Kansas resident, alleges he was seriously injured. Plaintiff contends that Defendant Ramage, an Oklahoma resident, negligently failed to yield the right-of-way and that his employer, Defendant ONEOK, a Delaware company, is liable because Ramage was acting within the course and scope of his employment at the time of the accident. Defendants dispute their liability, arguing that Plaintiff and the driver of his vehicle were negligent. They also argue that Rice County and Union

Township—the relevant municipalities in which the accident occurred—were negligent in failing to properly grade the road and install proper traffic controls.

Defendants initially identified Rice County and Union Township as potentially liable parties in a designation of comparative fault filed on January 31, 2020. Doc. 23. Rios had until February 14, 2020, to add Rice County and Union Township as additional parties. Doc. 22 at 8. He did not do so. Over the following months, the parties engaged in discovery, took many depositions, and disclosed their expert reports.

On August 12, 2020, Plaintiff's new counsel entered his appearance. Doc. 59. Following this change in counsel, Plaintiff later sought to supplement his initial disclosures by adding 17 witnesses two weeks after the September 25, 2020 deadline to supplement disclosures had passed. Defendants moved to strike (Doc. 104), and the magistrate judge granted the motion in part, limiting Plaintiff to five additional witnesses. Doc. 117.

Discovery closed on November 4, 2020. Doc. 72 at 1. The parties submitted a proposed pretrial order on November 9, 2020. In the proposed pretrial order, Defendants again asserted that Rice County and Union Township were negligent. Doc. 122-1 at 5. The same day the parties submitted the proposed pretrial order, Rios filed a two-page motion to dismiss without prejudice, without citation to caselaw. Doc. 110. Plaintiff filed this motion just eight days before the deadline for dispositive and *Daubert* motions.

In his motion, Plaintiff contends that his former counsel failed to move to join the municipalities identified in Defendants' comparative-fault designation by the February 14, 2020 deadline and that he cannot join them now because it would destroy diversity. He seeks dismissal of this case so he can serve the required statutory notice on Rice County and Union Township

2

under K.S.A. § 12-105b and then refile the case in state court with all potentially liable parties as defendants. Defendants oppose dismissal at this stage. Doc. 120.

## II.     STANDARD

Under Federal Rule of Civil Procedure 41, where the defendant has already filed an answer or a motion for summary judgment, and there is no stipulation of dismissal signed by all parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This rule "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (internal quotation omitted). Although "[t]hese matters fall within the district court's discretion," the court ordinarily will grant a motion for voluntary dismissal absent "legal prejudice" to the defendant. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).

In evaluating "legal prejudice," the Tenth Circuit has articulated the following non-exhaustive list of relevant factors to consider: (1) the opposing party's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the movant, (3) insufficient explanation of the need for a dismissal, and (4) the present stage of the litigation. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The court should also consider any other relevant factors in making its determination. *Id.* "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.* Ultimately the court should "endeavor to insure substantial justice is accorded" to the parties. *Id.* To that end, the court considers the equities facing both the plaintiff and the defendant. *Id.*

3

**III. ANALYSIS**

In accordance with this standard, the Court must determine whether Defendants will suffer legal prejudice if the Court grants Plaintiff's motion to dismiss. If so, the Court must deny Plaintiff's motion.

The Court first notes that Plaintiff's motion was substantively less than two pages. It contained no caselaw and did not address the applicable standard at all, or any of the factors listed above. After a fulsome response by Defendants, Plaintiff filed a 15-page reply. Such backloaded briefing is neither helpful nor proper. *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009). But even if Plaintiff had properly presented arguments in favor of dismissal, the Court would conclude that the factors and equities outlined above justify denial of Plaintiff's motion.

**A.   Defendants' Effort and Expense in Preparing for Trial**

The first factor considers Defendants' effort and expense in preparing for trial. Defendants have expended substantial effort and cost to this point. They have deposed multiple fact witnesses and expert witnesses, prepared expert reports, and engaged in briefing. Defendants contend they have based their decisions on what experts to hire and depose and the scope of their reports on the municipalities not being parties, and on Plaintiff's current expert designations. Courts in this District have routinely considered such pretrial efforts in weighing this factor. *See, e.g., 103 Inv'rs I, L.P. v. Square D Co.*, 222 F. Supp. 2d 1263, 1271 (D. Kan. 2002) (noting multiple depositions, preparation of expert reports, *Daubert* motion, and dispositive motion in finding first factor weighed "heavily" in favor of overruling a plaintiff's motion to dismiss without prejudice), *aff'd in part & rev'd in part on other grounds by* 372 F.3d 1213 (10th Cir. 2004).

Plaintiff argues that Defendants will not suffer any prejudice because they will be able to use all their discovery in any newly filed case. But although Plaintiff assures the Court that

4

discovery will not "retread old ground," he concedes that new discovery requests or depositions may be necessary concerning Rice County and Union Township. Doc. 122 at 13. Plaintiff also argues that Defendants cannot be prejudiced because the comparative liability of the municipalities can be addressed regardless of the forum or regardless of whether the municipalities are joined. This argument is improperly raised in his reply and overly simplifies the situation. *See SCO Grp., Inc.*, 578 F.3d at 1226. But even if this is true, Defendants would still incur additional expenses defending the action again if the municipalities were joined in state court. Given that Defendants have already put considerable effort and expense in litigating this case up to the pretrial order, this first factor weighs against dismissal.

### B.     Excessive Delay and Lack of Diligence by Plaintiff

The Court next considers any excessive delay or lack of diligence by Plaintiff. Plaintiff filed this action in October 2019, and Defendants identified Rice County and Union Township in their comparative-fault designation on January 31, 2020. Plaintiff never sought to add them as parties and waited more than nine months to seek dismissal. During this time, the parties conducted discovery, engaged in mediation and motion practice, and generally proceeded as if this case would be decided in its current form.

Although Plaintiff attempts to shift blame to his former attorney for "not pursu[ing] this litigation in a manner that would protect [Plaintiff's] best interests," Doc. 122 at 2, he "cannot now avoid the consequences of the acts or omissions of this freely selected agent" because a "party is deemed bound by the acts of his lawyer-agent . . . ." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-634 (1962). Plaintiff further tries to shift blame for his former attorney's actions by arguing that his mother selected his first lawyer because he was a minor at the time. But this argument—like all Plaintiff's substantive arguments—was improperly made for the first time in his reply. *See*

5

*SCO Grp., Inc.*, 578 F.3d at 1226. Regardless, this fact does not change the above analysis. The Court also notes that Plaintiff's current attorney entered his appearance on August 12, 2020. Doc. 59. But the new attorney did not file the motion to dismiss until November 9, 2020—the day the parties submitted the proposed pretrial order and right before *Daubert* and dispositive motions were due. No explanation for this delay is given. In that intervening period, the docket reflects extensive discovery took place.

Plaintiff argues—again, for the first time in his reply, *see SCO Grp., Inc.*, 578 F.3d at 1226—that Defendants' defense of comparing the liability of the municipalities would not have been obvious and that "its discovery could very well be quite a bit later than discovering the party who actually failed to yield to a stop sign." Doc. 122 at 5. Even if that were true, Plaintiff was not operating on a blank slate; he was quite literally given notice that Defendants intended to compare the fault of the municipalities when they filed their designation of comparative fault on January 31, 2020. Doc. 23; *see also King v. Kindred Nursing Centers W., L.L.C.*, 2007 WL 9710305, at *3 (D. Wyo. 2007) (finding that the plaintiff should not be "permitted to slumber on her rights" when the underlying facts were long known). Accordingly, the Court finds that Plaintiff's delay and lack of diligence weigh against dismissal at this stage of the case.

### C.   Plaintiff's Explanation of the Need for Dismissal

The Court next considers Plaintiff's explanation of his need to dismiss this case. In his motion, Plaintiff claims that he faces "the real potential for liability to be apportioned to these non-parties if this case is to proceed to trial without" them, but that he cannot join Rice County and Union Township because it would destroy the Court's diversity jurisdiction. Doc. 110 at 1. The remedy, he proposes, is to refile the action in state court against all potentially liable parties.

6

Plaintiff is correct that joining Rice County and Union Township to this case would likely destroy the Court's diversity jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under 28 U.S.C. § 1332(a), the citizenship of all defendants must be different from the citizenship of all plaintiffs.").[1] And it is possible that Plaintiff could refile in state court and bring claims against Defendants as well as Rice County and Union Township and eliminate the risk that liability could be apportioned to absent parties.[2] But this does not require that the Court to grant Plaintiff's motion.

To the extent Plaintiff seeks dismissal so that he can pursue a state court case against Rice County and Union Township, his motion is somewhat premature. As he acknowledges, he cannot sue Rice County and Union Township until he serves them with notice and they either deny the claim or wait 120 days. *See* K.S.A. § 12-105b(d). Rios gives no indication that he has served notice on the municipalities. Accordingly, at this stage he cannot even immediately sue those parties.[3]

But even assuming Plaintiff can ultimately pursue a state-court action against the municipalities, dismissal is not required simply because Plaintiff finds himself in a difficult litigation position. As explained above, the parties have expended considerable effort in litigating this case before this Court. The Court is mindful of the fact that Plaintiff will have to litigate this

---

[1] According to the Second Amended Complaint, Plaintiff is a resident of Kansas. The municipalities he seeks to add are also located in Kansas. *See Holton Unified Sch. Dist. No. 336 v. Nabholz Constr. Corp.*, 2020 WL 7231989, at *3 (D. Kan. 2020) (noting that governmental subdivisions in the state of Kansas are considered citizens of Kansas).

[2] Although the two-year statute of limitations to file this action may have passed, *see* K.S.A. 60-513, Rios contends that it is extended because he was a minor when the accident occurred, *see* K.S.A. § 60-515(a) (permitting a person to bring suit within one year of reaching the age of majority).

[3] Defendants also suggest that the municipalities may also ultimately prove to be immune from Plaintiff's negligence claim. Doc. 120 at 8. Because of this, Defendants alternatively seek a stay of this case so that, in the event the immunity question is resolved after the deadline for removal, Defendants could still continue litigating the current case in federal court. Plaintiff disputes that immunity would necessarily apply but contends that it is not a reason to deny a motion to dismiss. Doc. 122 at 10-11. The Court disagrees. One of the factors considered is the reason for the requested dismissal. Here, Plaintiff seeks dismissal so he can pursue his claims against the municipalities. If he is unable to do that, or unlikely to be able to do that, this would undercut the need for dismissal in the first place.

case with two potential absent tortfeasors, and this could cut into or even eliminate any recovery. But it was Plaintiff's decision to file the current case against the current parties. The fact that Plaintiff regrets the decisions or was ill-served by his prior counsel and is not satisfied with how this case has gone thus far does not convince the Court that dismissal is warranted, especially considering how a complete do-over would potentially prejudice Defendants.

### D.    Present Stage of the Litigation

Finally, the Court considers the present stage of the case. Discovery closed November 4, 2020, and the parties have submitted a proposed pretrial order.[4] Defendants were poised to file dispositive and *Daubert* motions at the time Plaintiff filed the motion to dismiss. As discussed above, Defendants have expended significant resources in the litigation thus far, and dismissal at this stage would effectively restart this case not just from the beginning, but potentially 120 days before the beginning to allow a sufficient notice period for the municipalities. This, along with the other factors above, would amount to legal prejudice to Defendants. *See Brown*, 413 F.3d at 1123.

The Court finally notes that, shortly before Plaintiff's moved to dismiss, Defendants moved to strike some late witness disclosures by Plaintiff. Specifically, Plaintiff disclosed 17 new fact witnesses after the deadline to supplement disclosures had passed, and just a few weeks before discovery ended. *See* Doc. 117 at 1. The magistrate judge ultimately allowed Plaintiff to disclose only five additional witnesses and granted the motion to strike as to the remainder. Defendants argue that, should the Court grant dismissal, it should issue a curative condition that Plaintiff be limited to calling the fact witnesses allowed by the magistrate judge's order. Doc. 120 at 11.[5]

---

[4]  The Final Pretrial Conference was continued after Plaintiff filed the motion to dismiss. *See* Doc. 116.

[5]  Defendants request a total of six curative conditions should the Court find that dismissal is proper. It is unclear to what extent this Court could impose binding restrictions on a state court proceeding involving at least some additional parties. Regardless, such dubious measures still would not eliminate the prejudice incurred from Plaintiff's excessive delay and the advanced stage of this litigation. Plaintiff, himself, opposes a stay while he satisfies Kansas's notice requirements for suing Rice County and Union Township and a state court determines

8

Although the Court ultimately finds that dismissal should be denied, and therefore that no curative conditions are required, the Court notes that these circumstances further weigh in favor of denying Plaintiff's motion to dismiss.

Although the magistrate judge had not yet ruled on Defendants' motion to strike at the time Plaintiff moved to dismiss, Defendants had already filed the motion. Allowing Plaintiff to dismiss this case and then restart it in state court would effectively allow him a litigation do-over, not only in general, but specifically as to this ruling. Not only would this cause Defendants extra effort and expense, but it would allow Plaintiff to circumvent the prior rulings and decisions in this case and reward him for his unexplained delay. *See Barcus v. Phoenix Ins. Co.*, 2019 WL 2006018, *4 (D. Kan. 2019) (finding as improper an attempt to dismiss and refile to circumvent Daubert rulings). This consideration therefore also weighs in favor of denying dismissal. *Ohlander*, 114 F.3d at 1537.

## IV.     CONCLUSION

Based upon its examination of the foregoing factors, the Court concludes that Defendants would suffer legal prejudice if the Court were to grant Plaintiff's motion to dismiss without prejudice.

THE COURT THEREFORE ORDERS that Plaintiff's Motion to Dismiss Without Prejudice (Doc. 110) is DENIED.

IT IS SO ORDERED.

Dated: January 8, 2021            /s/ *Holly L. Teeter*
                                  HOLLY L. TEETER
                                  UNITED STATES DISTRICT JUDGE

---

their immunity. He opposes Defendants' other proposed curative conditions as efforts to "hamstring" his litigation. Doc. 122 at 13. He does not propose alternative conditions.